CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 08 2014

JULIA C. DUDLEY, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WANDA F. BLANEY, *ET AL.*, ) | |
| Plaintiffs, ) | Civil Action No. 7:13cv333 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| BENEFICIAL FINANCIAL I, INC., ) | By: Samuel G. Wilson |
| Defendant. ) | United States District Judge |
| ) | |

Plaintiffs Wanda F. Blaney and Oliver H. Blaney, Sr. ("the Blaneys") brought this diversity action against Beneficial Financial I, Inc. ("Beneficial") alleging breach of contract and an implied covenant of good faith and fair dealing. Upon the plaintiffs' motion, the Clerk entered default against Beneficial and Beneficial now moves to set aside entry of default under Federal Rule of Civil Procedure 55(c) (Docket Item No. 17). Finding good cause exists, the court will grant Beneficial's motion and set aside the entry of default against it.

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." The Fourth Circuit has explained the relevant factors:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006) (citations omitted). The Fourth Circuit has also "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc. 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted).

Having considered each of the Payne factors, the court finds that they weigh in favor of setting aside the entry of default.[1] In particular, Beneficial acted with reasonable promptness by noting an appearance by counsel and filing its motion within 11 days of the entry of default. It has set forth a plausible and worthy defense and the Blaneys concede that Beneficial "could set forth a defense." (Docket Item No. 23, p.4) Beneficial has no history of dilatory action.[2] And the court finds the Blaneys have suffered no prejudice, particularly because Beneficial has caused no significant delay of the proceedings.[3]

Accordingly, the court finds good cause exists and grants Beneficial's Motion to Set Aside Entry of Default Pursuant to Fed. R. Civ. P. 55(c).

**ENTER:** This 8th day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The only factor the court finds weighs against Beneficial, but does not find dispositive, is that it is personally responsible for the default (as opposed to its registered agent or attorney).
[2] The Blaneys provided one example of a previous default involving a party that may have an association with Beneficial, but they have not established an actual association.
[3] The case is already scheduled for trial in July 2014.