CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 06 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WANDA F. BLANEY, ET AL., | ) |
| | ) Civil Action No. 7:13CV00333 |
| Plaintiffs, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| | ) By: Hon. Glen E. Conrad |
| BENEFICIAL FINANCIAL I, INC., | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

This case is presently before the court on the defendant's motion for judgment on the pleadings. On March 4, 2014, the parties appeared before the court for a hearing on the motion. For the reasons stated during the hearing, and for those set forth below, the defendant's motion for judgment on the pleadings with respect to Count Two of the complaint will be granted, but the plaintiffs will be granted leave to amend Count One.

### Background

On April 16, 2007, Wanda Blaney and Oliver Blaney ("the Blaneys") entered into a mortgage loan for property located at 1506 Compton Street Northeast, Roanoke, Virginia 24012. The loan was evidenced by a note and secured by a deed of trust. The defendant, Beneficial Financial I, Inc. ("Beneficial"), claimed rights as holder of the note.

At some point, the Blaneys fell into arrears as to the note. On December 17, 2011, Beneficial sent the Blaneys a pre-acceleration warning notice. The notice advised the Blaneys that their mortgage was in default, and that they were required to pay $7,932.66 in order to bring their loan current. The notice warned that Beneficial intended to declare the loan past due and payable immediately if the Blaneys failed to pay the total amount due within 30 days.

After the Blaneys failed to pay the sum demanded in the pre-acceleration notice,

Beneficial appointed Surety Trustees, LLC ("Surety") as substitute trustee for the purpose of initiating foreclosure proceedings. Surety advertised in a local newspaper that the foreclosure sale would be held on July 16, 2012. The property was sold at the foreclosure sale to Beneficial.

On July 19, 2013, the Blaneys filed the instant action. The defendant failed to respond, and on December 2, 2013, the clerk entered default against Beneficial on the plaintiffs' motion. On December 13, 2013, the defendant moved to set aside the entry of default, and, for good cause shown, that motion was granted. The defendant has filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), to which the plaintiffs have responded.

## Standard of Review

In reviewing a Rule 12(c) motion, the court applies the same standard that would apply to a Rule 12(b)(6) motion to dismiss for failure to state a claim. Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009). The court must accept all of the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002). In order to survive a motion for judgment on the pleadings, the complaint must contain facts sufficient "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

## Discussion

### I. Count One: Breach of the Deed of Trust

In Count One of the complaint, the Blaneys claim that Beneficial breached the deed of trust by providing a deficient pre-acceleration notice. Under Virginia law, the essential elements of a cause of action for breach of contract are as follows: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury

2

or damage to the plaintiff caused by the breach of obligation." Filak v. George, 267 Va. 612, 619 (Va. 2004). The defendant moves for dismissal of Count One, with prejudice and without leave to amend, on the basis that the plaintiffs do not, and cannot, allege facts to support the second and third elements. The court disagrees.

The court has previously recognized that a plaintiff satisfies the second element by alleging that the defendant materially overstated the amount in arrears in a pre-acceleration notice. Vazzana v. CitiMortgage, Inc., 2013 WL 2423092, at *2 (W.D. Va. June 4, 2013) ("[The plaintiff] has sufficiently alleged that [the defendant] breached the notice provisions of the note and the deed of trust by overstating the amount in arrears."). Here, the Blaneys satisfy the second element by alleging that Beneficial "materially overstated the amount in arrears" in the pre-acceleration notice by indicating "that the loan was seven months in arrears, whereas, in fact, it was not more than six months in arrears." Compl. ¶ 11.

With respect to the third element, where the alleged breach is that the pre-acceleration notice materially overstated the amount due, courts have found that plaintiffs fail to sufficiently allege injury or damage where they "do not claim that they would have been able to pay the amount they believe they owe, that they overpaid based on the alleged misstatement, or that they paid any amount whatsoever in an attempt to cure the default." Jones v. Fulton Bank, N.A., 2013 WL 3788428, at *5 (E.D. Va. July 18, 2013); see also Vazzana, 2013 WL 2423092, at *2 (finding the third element satisfied because the complaint alleged that "if the notice had accurately stated the amount in arrears, [the plaintiff] 'would have been able to pay such amount'").

Here, the complaint does not allege that the plaintiffs would have been able to cure the default had the pre-acceleration notice accurately stated the amount owed. In the absence of such an allegation, the complaint is subject to dismissal. However, the plaintiffs indicated in

their response brief and at oral argument that they would have been able to pay the arrearage had it been stated correctly. The Blaneys seek leave to amend their complaint to include such an allegation. For good cause shown, the plaintiff will be granted leave to amend Count One of the complaint.

## II.     Count Two: Breach of the Implied Covenant of Good Faith and Fair Dealing

In Count Two of the complaint, the Blaneys claim that Beneficial breached the implied covenant of good faith and fair dealing contained in the note and the deed of trust. For the following reasons, the court concludes that the defendant is entitled to judgment on the pleadings in its favor on this claim.

The court recently addressed the implied covenant of good faith and fair dealing in the mortgage context in Vazzana:

> The United States Court of Appeals for the Fourth Circuit has held that contracts governed by Virginia law contain an implied covenant of good faith and fair dealing. See Wolf v. Fed. Nat. Morg. Ass'n, No. 11–2419, 2013 U.S.App. LEXIS 4300, at *20 (4th Cir. Feb. 28, 2013) (citing Enomoto v. Space Adventures, Ltd., 624 F. Supp. 2d 443, 450 (E.D. Va. 2009)); Va. Vermiculite, Ltd. v. W.R. Grace & Co., 156 F.3d 535, 541–42 (4th Cir. 1988). However, "no implied duty arises with respect to activity governed by express contractual terms." Skillstorm, Inc. v. Elec. Data Sys., LLC, 666 F. Supp. 2d 610, 620 (E.D. Va. 2009) (citing Ward's Equip., Inc. v. New Holland N. Am., 254 Va. 379, 493 S.E.2d 516, 520 (Va. 1997)). Thus, "when parties to a contract create valid and binding rights, an implied covenant of good faith and fair dealing is inapplicable to those rights." Ward's Equip., Inc., 493 S.E.2d at 520. As explained by the Fourth Circuit, "although the duty of good faith does not prevent a party from exercising its explicit contractual rights, a party may not exercise contractual discretion in bad faith, even when such discretion is vested solely in that party." Va. Vermiculite, Ltd., 156 F.3d at 542.

2013 WL 2423092, at *4.

In Vazzana, the court concluded that the plaintiff-borrower's claim for breach of the implied covenant of good faith and fair dealing was subject to dismissal because the plaintiff "relie[d] on the same allegations underlying her claims for breach of contract in the previous counts to support her claim." 2013 WL 2423092, at *4. "Because a party does not breach the

4

implied duty of good faith and fair dealing when it exercises express rights under a contract," and because the plaintiff's complaint "include[d] no allegations which plausibly suggest that [the defendant] 'exercised contractual discretion in bad faith,'" the court dismissed the claim. Id.

Here, the Blaneys similarly rely on the allegations underlying their breach of contract claim to support their claim for breach of the implied covenant of good faith and fair dealing. See Compl. ¶ 31 ("The Blaneys re-avers [sic] the facts set forth in Count One of this complaint . . . . The facts averred in Count One constituted breach by Beneficial of the aforesaid implied covenant of good faith and fair dealing."). While the plaintiffs allege that "Beneficial claimed to be exercising discretion to foreclose on the home," the complaint contains no allegations which plausibly suggest that Beneficial exercised that contractual discretion in bad faith. Therefore, the Blaneys' claim for breach of the implied covenant of good faith and fair dealing must be dismissed.

## Conclusion

For the reasons stated, the defendant's motion for judgment on the pleadings will be granted with respect to Count Two of the complaint, but the plaintiffs will be granted leave to amend Count One.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This _6th_ day of March, 2014.

_____
Chief United States District Judge